IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MINOR CHILD P.S.R.M., <br><br> Plaintiff, <br><br> v. <br><br> DALLAS INDEPENDENT SCHOOL DISTRICT et al., <br><br> Defendants. | Case No. 3:22-cv-00833-G-BT |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This is a civil action brought by a minor child Plaintiff P.S.R.M. *See* Order 4 (ECF No. 16). As the Court explained, "P.S.R.M., in her individual capacity, cannot allege any cognizable theory of recovery and cannot state a claim upon which relief may be granted" because, "[a]ccording to the Texas Supreme Court, a minor cannot bring a cause of action on her own behalf unless her disability of minority has been removed." *Id.* at 2. Accordingly, the Court ordered that "to prosecute this case further, [P.S.R.M.], through a legal guardian, must obtain representation by a licensed attorney permitted to practice before this Court. If [P.S.R.M.] fails to comply with this Order, the Court will recommend this case be dismissed without prejudice." *Id.* P.S.R.M. has failed to obtain representation as directed or show that her disability of minority has been removed. Therefore, the Court should dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b).

Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

Here, Plaintiff P.S.R.M. has failed to comply with the Court's Order to obtain counsel or show that her disability of minority has been removed. Therefore, P.S.R.M. lacks any cognizable theory of recovery and failed to state a claim upon which relief may be granted. Accordingly, dismissal without prejudice is warranted under these circumstances.

The Court should dismiss P.S.R.M.'s case without prejudice under Rule 41(b).

**SO RECOMMENDED.**

June 14, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).